IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-03037-01-CR-S-DW |
| | ) | |
| RICHARD DALE CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Todd P. Graves, United States Attorney, and Douglas C. Bunch, Assistant United States Attorney, and the defendant, Richard Dale Campbell ("the defendant"), represented by Michelle K. Nahon, Branch Office Supervisor for the Federal Public Defender's Office for the Western District of Missouri.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Counts One, Two and Four of the five-count superseding indictment filed in this case on May 5,

2005. Counts One, Two and Four are the only counts in which the defendant is named as a defendant. Counts One, Two and Four each charge the defendant with robbing a bank with a dangerous weapon in violation of 18 U.S.C. § 2113(a) and (d). Count One charges the robbery of U.S. Bank in Springfield, Greene County, Missouri on February 2, 2005. Count Two charges the robbery of Great Southern Bank in Springfield, Greene County, Missouri on February 11, 2005. Count Four charges the robbery of Farmers State Bank in Morrisville, Polk County, Missouri on March 9, 2005. By entering into this plea agreement, the defendant admits that he knowingly committed these offenses, and is in fact guilty of these offenses.

    **3. Factual Basis for Guilty Plea.** The parties agree that the following facts are true:

    At the time of each robbery, the deposits of the bank that was robbed were insured by the Federal Deposit Insurance Corporation.

Robbery of U.S. Bank on February 2, 2005

    On February 2, 2005 shortly after 9:30 a.m., the defendant entered U.S. Bank, 3230 East Battlefield Road, Springfield, Greene County, Missouri. At the time the defendant entered the bank, he was wearing a ski mask that concealed his face, wore purple cloth gloves, and displayed an object that appeared to be a silver-colored handgun. According to the defendant, the object was a pellet gun that used compressed gas or air to expel a pellet. As the defendant entered the bank, he propped the exterior door open by inserting an object in the door opening. The defendant then shouted words to the effect "Don't move, I will shoot you." The defendant waived the object that appeared to be a handgun at a male bank employee who was at one teller window, and approached a female bank employee who was at another teller window. The defendant pointed the object that appeared to be a handgun at the female teller's face and stated words to the effect "Give me all your money. If you move, I swear to God I'll kill you." When the male teller shifted his weight and took a step, the defendant told him "Don't move." The female teller removed currency from her teller drawer and laid the currency on the teller counter. The defendant took the currency and placed the currency in his coat pockets, then leaned across the teller counter and removed the rest of the currency in the teller drawer. The defendant then demanded that the female teller give him the currency in the other teller drawers. A short time later,

a vehicle horn sounded outside the bank. The defendant immediately left the bank.

The defendant took $1,707 in the robbery.

Robbery of Great Southern Bank on February 11, 2005

Around 9:00 a.m. on February 11, 2005, the defendant entered Great Southern Bank, 3961 South Campbell, Springfield, Greene County, Missouri. At the time the defendant entered the bank, he was wearing a black ski mask that concealed his face, a white latex glove on his left hand, and a purple latex glove on his right hand. The defendant also held an object that appeared to be a silver-colored semi-automatic pistol in his right hand. According to the defendant, the object was a pellet gun that used compressed gas or air to expel a pellet.

As the defendant entered the bank, he propped the exterior door open by inserting an object in the door opening. The defendant then approached the teller counter and vaulted the teller counter. The defendant confronted a female teller who had just exited the bank vault and had currency in her hand. The defendant took the currency from the teller's hand, and then said words to the effect "unlock the drawers, unlock the drawers." The teller complied with the defendant's demand. The defendant looked through the opened teller drawers, but the drawers did not contain any currency. The defendant then pointed the object that appeared to be a handgun directly at two other bank employees who were standing near the first teller, and told them to open their teller drawers and give him "all the money." As these employees opened their teller drawers, the defendant immediately grabbed money from one of the drawers, then turned around and jumped back over the teller counter and left the bank with currency in one hand and the object that appeared to be a handgun in the other hand.

The defendant took $4,700 in the robbery.

Robbery of Farmers State Bank on March 9, 2005

Before 9:00 a.m. on the morning of March 9, 2005, the defendant and another male individual entered Farmers State Bank, 1168 Maple Street, Morrisville, Polk County, Missouri. At the time the defendant and the other individual entered the bank, both wore dark ski masks that concealed their faces, and gloves. On entering the bank, the defendant went behind the teller counter and confronted a female teller who was screaming. At some point, the defendant also jumped on and over, or was standing on, the teller counter. The defendant yelled words to the effect "Where's the money? Where's the money?" The teller

opened her teller drawer, and the defendant removed most of the currency from the drawer. The defendant then yelled words to the effect "Where's more money? Where's more money?" The teller opened a second drawer, and the defendant removed most of the currency from the second drawer. The defendant placed the currency he was taking from the drawers in a pale green cloth/canvass "pillow case." The teller opened a third drawer, but there was no currency in the drawer. The defendant then yelled words to the effect "Where's the night drop?" The second robber then yelled words to the effect "Time! Time!" The defendant and the second robber then left the bank.

While the defendant was taking money from the teller drawers, the second robber remained in the bank lobby in front of the teller counter. The second robber held an object in his hand that appeared to be a black handgun. According to the defendant, the object was a pellet gun that used compressed gas or air to expel a pellet. The second robber pointed the object that appeared to be a handgun at a male bank employee and directed the male employee to come out of his office and take a seat in a chair in the lobby. The second robber then told the male employee to keep his head down and his hands up.

The defendant and the second robber took $5,436 in the robbery.

**4. Use of Factual Admissions.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charges to which he is pleading guilty.

**5. Statutory Penalties.** The defendant understands that upon his pleas of guilty to Counts One, Two and Four of the indictment, the maximum sentence for theses offenses is as follows. On each count, the Court may impose a statutory maximum term of imprisonment of

not more than 25 years followed by a term of not more than 5 years supervised release. In addition to the terms of imprisonment and supervised release, the defendant understands that the Court may impose a fine of not more than $250,000 on each count. Also, the Court must impose restitution for the offense of conviction on each count. The defendant further understands that in addition to any fine and restitution imposed, the Court must impose a special assessment in the amount of $100 on each count ($300 in the aggregate). The defendant agrees to pay the special assessments to the Clerk of the Court in full at the time of sentencing. The defendant further understands that each count is a Class B felony.

The defendant also understands the following. The Court may order the term of imprisonment imposed on a count to run consecutively to any term of imprisonment imposed on another count. Terms of supervised release run concurrently.

      **6. <u>Sentencing Procedures</u>.** The defendant acknowledges, understands and agrees to the following:

      a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

      b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

      c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to 5 years on each count; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed;

      d. if the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of

imprisonment of up to 3 years on each count without credit for time previously spent on supervised release. In addition to new terms of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed 5 years for each count less the term of imprisonment imposed upon revocation of the defendant's first supervised release; that additional terms of imprisonment imposed on revocation of supervised release may be imposed to run consecutively to one another;

    e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

    f. any sentence of imprisonment imposed by the Court will not allow for parole;

    g. the Court must order restitution to be paid to victims of the offenses of conviction, and may order restitution to be paid to victims of other uncharged related criminal activity;

    h. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office; and

    i. the defendant may not withdraw his guilty pleas solely because of the nature or length of the sentence imposed by the Court.

**7. Government's Agreements.** As part of this plea agreement, the United States Attorney for the Western District of Missouri agrees not to bring any additional charges against the defendant for any federal criminal offenses related to the crimes charged in the indictment for which it has venue and which arose out of and are presently disclosed by the evidence in the case.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty pleas.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the counts to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

-7-

Case 6:05-cr-03037-BP     Document 48     Filed 07/13/05     Page 7 of 14

**9. Withdrawal of Plea.** The defendant understands that if the Court accepts his pleas of guilty and this plea agreement but imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his pleas of guilty.

**10. Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

b. The applicable Guidelines section for each count is U.S.S.G. § 2B3.1, and the United States believes the defendant will be a career offender under U.S.S.G. § 4B1.1;

c. The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, the Government presently anticipates he will be entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines if his offense level before adjustment for acceptance of responsibility is 16 or greater. The Government presently anticipates that, at the time of sentencing, it will file a written motion with the Court to that effect;

d. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine his applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

e. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his pleas of guilty;

f. The United States agrees not to seek an upward departure from the Guidelines or a sentence outside the Guidelines range, and the defendant agrees to not seek a downward departure from the Guidelines or a sentence outside the Guidelines range. The agreement by the parties to not seek a departure from or sentence outside the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable";

g. The defendant consents to judicial fact-finding by a preponderance of the evidence of any contested issues pertaining to the determination of the defendant's sentence under the United States Sentencing Guidelines. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence under the Guidelines, may consider any reliable information, including hearsay; and

h. The defendant understands and agrees that the factual admissions contained in paragraphs 3 and 4 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed Guidelines calculations contained in this agreement.

**11. Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12. Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by the defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to

void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13. Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a. oppose or take issue with any position advanced by the defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. comment on the evidence supporting the charges in the indictment;

    c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentence imposed; and

    d. oppose any post-conviction motions for reduction of sentence, or other relief.

**14. Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a. the right to plead not guilty and to persist in a plea of not guilty;

    b. the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

    c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d. the right to confront and cross-examine the witnesses who testify against him;

    e. the right to compel or subpoena witnesses to appear on his behalf; and

    f. the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

**15. Waiver of Appellate and Post-Conviction Rights.**

    a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement.

    b. The defendant retains his right to appeal any Sentencing Guidelines issues that have not been agreed upon by the parties. However, the defendant otherwise expressly waives his right to appeal his sentence, directly or collaterally, on any ground, including agreed-upon Sentencing Guidelines issues, except a sentence imposed in excess of the statutory maximum or an illegal sentence, *i.e.*, a sentence that is contrary to law. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) on any ground except those expressly stipulated to or agreed upon in this plea agreement.

**16. Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

-11-

**17. Waiver of Claim for Attorney's Fees.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**18. Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his pleas of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Federal Rules of Criminal Procedure, Rule 11(f), Federal Rules of Evidence, Rule 410, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

**19. Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of

-12-

Case 6:05-cr-03037-BP   Document 48   Filed 07/13/05   Page 12 of 14

counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorney or any other party to induce him to enter his pleas of guilty.

20. **No Undisclosed Terms.** The United States and the defendant acknowledge and agree that the above-stated terms and conditions constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

21. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Todd P. Graves
United States Attorney

Dated   07/13/2005            By   /s/  Douglas C. Bunch
                                   Douglas C. Bunch
                                   Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read

-13-

Case 6:05-cr-03037-BP    Document 48    Filed 07/13/05    Page 13 of 14

this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.


Dated   07/13/2005                         */s/  Richard Dale Campbell*
                                            Richard Dale Campbell
                                            Defendant

    I am defendant Richard Dale Campbell's attorney. I have fully explained to him his rights with respect to the offenses charged in the indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Richard Dale Campbell's decision to enter into this plea agreement is an informed and voluntary one.


Dated   07/13/2005                         */s/  Michelle K. Nahon*
                                            Michelle K. Nahon
                                            Branch Office Supervisor
                                            Attorney for Defendant